UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No. CV 24-8252-MWF (MARx)** **Date: November 7, 2024**

Title: Ignacio Vera v. 7251 Woodley Ave, LLC, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: Rita Sanchez | Court Reporter: Not Reported |
| Attorneys Present for Plaintiff: None Present | Attorneys Present for Defendant: None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION WITHOUT PREJUDICE; ENTRY OF JUDGMENT

On September 25, 2024, Plaintiff Ignacio Vera commenced this action against Defendant 7251 Woodley Ave, LLC. (Complaint (Docket No. 1)). On October 1,2 024, the Court issued a Minute Order Re Prosecution of Certain Cases Under the Americans with Disabilities Act (the "Order"). (Docket No. 13). The Order required that a proof of service for all Defendants had to be filed within 90 days of the filing of the case. The Order further required that for any Defendant who fails to respond to the Complaint or file an Application for Stay and Early Mediation, Plaintiff must file a Request for Entry of Default no later than **seven calendar days after the date the response to Complaint or Application for Stay and Early Mediation would have been due**. (*Id.*, at 2).

On October 10, 2024, Plaintiff filed a Proof of Service as to Defendant 7251 Woodley Ave, LLC, reflecting personal service on the agent for service of process on October 9, 2024. (Docket No. 12). Thus, Defendant 7251 Woodley Ave, LLC's response to the Complaint was due no later than October 30, 2024. As of November 6, 2024, Plaintiff had not filed an Application for Entry of Default.

The Court's Order specifically states: "This Order serves as the Court's notice to Plaintiff that it will dismiss this action without prejudice on its own motion and without further notice to Plaintiff for failure to comply with this Order." (*Id.* at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 24-8252-MWF (MARx)** **Date: November 7, 2024**

Title: Ignacio Vera v. 7251 Woodley Ave, LLC, et al.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co*., 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted. Accordingly, the action is **DISMISSED** ***without prejudice***.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.